# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

Anthony & Lori Peck,

    Plaintiffs/Movants,

Enhanced Recovery Company, LLC; and
DOES 1-10, inclusive,

    Defendants.

## COMPLAINT

For this Complaint, the Plaintiffs, Anthony & Lori Peck, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and repeated violations of the Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. § 12-14-101, *et seq*. ("CFDCPA") by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiffs, Anthony & Lori Peck ("Plaintiffs"), are adult individuals residing in

Aurora, Colorado, and are "consumers" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Enhanced Recovery Company, LLC ("Enhanced"), is a Florida business entity with an address of 8014, Bayberry Rd., Jacksonville, FL 32256, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Enhanced and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Enhanced at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiffs allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Enhanced for collection, or Enhanced was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Enhanced Engages in Harassment and Abusive Tactics

### FACTS

12. Enhanced sent a letter to Plaintiffs on January 29, 2010, demanding payment of the Debt.

13. Plaintiffs do not believe that they owed the Debt.

14. Plaintiffs sent a letter to Enhanced via certified mail on February 10, 2010, disputing the Debt and requesting that Enhanced verify the Debt.

15. Enhanced signed and received Plaintiffs' letter on February 16, 2010.

16. Enhanced has not replied to Plaintiffs' letter to date.

17. Enhanced has sent a subsequent letter to Plaintiffs, once again demanding payment of the Debt.

18. Enhanced sent their letter to Plaintiffs despite failing to address Plaintiffs' February 16, 2010 letter disputing the Debt.

C. **Plaintiff Suffered Actual Damages**

19. The Plaintiffs have suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FEDERAL FAIR DEBTCOLLECTION PRACTICES ACT - 15 U.S.C. § 1692,** *et seq.*

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the debt had not been verified.

25. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. The Plaintiff is entitled to damages as a result of Defendant's violations.

### COUNT II
### VIOLATIONS OF THE COLORADO FAIR DEBTCOLLECTION PRACTICES ACT
### Colo. Rev. Stat. § 12-14-101, et seq.

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Plaintiff is a "consumer" as defined by Colo. Rev. Stat. § 12-14-103(4).

29. The Defendants are a "collection agency" and "debt collectors" as defined by Colo. Rev. Stat. § 12-14-103(2) and (7).

30. The Defendants used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of Colo. Rev. Stat. § 12-14-107(1).

31. The Defendants failed to cease collection of the debt, or any disputed portion thereof, after notification by the Plaintiff that the debt was disputed, and before the Defendants obtained verification of the debt or a copy of a judgment or the name and address of the original creditor and mailed a copy of such verification or judgment or name and address of the original creditor to the Plaintiff, in violation of Colo. Rev. Stat. § 12-14-109(2).

32. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the CFDCPA, including every one of the above-cited provisions.

33. The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in his favor and against the Defendants as follows:

1. Against the named Defendants, jointly and severally, awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1) or Colo. Rev. Stat. § 12-14-113(1)(a);

2. Against each of the named Defendants, awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) or Colo. Rev. Stat. § 12-14-113(1)(b);

3. Against the named Defendants, jointly and severally, awarding Plaintiffs recovery of his litigation costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Colo. Rev. Stat. § 12-14-113(1)(c);

4. Granting Plaintiff such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: May 11, 2011

Respectfully submitted,

By   /s/ Lark H. Fogel

Lark H. Fogel, Esq.
Bar Number: 030383
PO Box 2486
Elizabeth, Colorado 80107
(303) 596 4838

larklaw@gmail.com
Attorneys for Plaintiff

Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (888) 953-6237


Plaintiff:
Anthony & Lori Peck
1638 S. Kenton St
Aurora, Colorado  80012

6